[Cite as *State v. Millan*, 2016-Ohio-4695.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103431**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSE M. MILLAN

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-592135-A

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 30, 2016

**ATTORNEY FOR APPELLANT**

David L. Doughten
David L. Doughten Co. L.P.A.
4403 St. Clair Avenue
Cleveland, OH 44103

**Also listed:**

Jose M. Millan
Inmate No. A581394
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, OH 44905


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Jose M. Millan, appeals from his conviction of unauthorized use of a motor vehicle. Millan's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel. After a review of the record, we grant counsel's motion to withdraw and dismiss this appeal.

{¶2} In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines that the appeal is wholly frivolous, counsel may advise the court and request permission to withdraw from the case. *Anders* at 744. The request must be accompanied by a brief identifying issues that could arguably support the appeal. *Id.* The brief must be furnished to the client, who must then be allowed sufficient time to file his or her own brief.

{¶3} Millan's counsel filed a motion to withdraw in compliance with these requirements.[1] This court ordered counsel's motion be held in abeyance pending our independent review of the case.

{¶4} In accordance with *Anders*, once appellant's counsel satisfied the requirements, this court then "examines the proceedings below to determine if any

---

[1] In a motion dated April 28, 2016, filed by Millan's counsel, which this court construed as a notice of compliance, counsel certified that he had mailed his motion to withdraw to Millan on March 1, 2016, at his last known address (Lorain Correctional Institution at 2075 South Beldon Road, Grafton, Ohio) and that counsel will resend a copy of the motion to Millan at his last known address. This court subsequently notified Millan that he may file a pro se brief by June 10, 2016, but Millan did not do so.

meritorious issues exist. If we conclude the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires."
*Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

{¶5} In this case, the Cuyahoga County Grand Jury indicted Millan for one count of grand theft, a fourth-degree felony, pursuant to R.C. 2913.02(A)(2). Millan subsequently entered a guilty plea to a reduced charge of unauthorized use of a motor vehicle under R.C. 2913.03(B), a fifth-degree felony. The trial court sentenced him to 124 days in jail but gave him jail-time credit of 124 days, which he already served. The trial court also ordered him to pay restitution of $679.

{¶6} In his *Anders* brief, Millan's counsel states that he has thoroughly reviewed the record and determined that there were no meritorious arguments he could make on Millan's brief. Counsel nonetheless sets forth two potential arguments pursuant to *Anders*: first, whether his plea was knowingly and voluntarily entered pursuant to Crim.R. 11; and second, whether his trial counsel provided ineffective assistance counsel at the plea proceeding.

{¶7} As part of the independent review of Millan's case, this court has examined and considered the potential arguments identified in counsel's *Anders* brief. Our own review shows that Millan entered the guilty plea knowingly, intelligently, and voluntarily. The trial court fully complied with the dictates of Crim.R. 11(C) in accepting Millan's

plea. Likewise, we did not find his trial counsel provided ineffective assistance counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶8} We, therefore, conclude that there are no arguable legal points on the merits of this matter. This appeal is wholly frivolous pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel's request to withdraw is granted, and we dismiss this appeal.

{¶9} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR